UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. N**03 - 10519** MEL

MAGISTRATE JUDGE Bowler

THEODORE J. LAYCOCK, JONATHAN F. HENRY and PETER F. ROBERTSON,

Plaintiffs

v.

JONATHAN DICKERSON, ALBERT WINTERS and LORETTA B. SCHAEFER, as they are the duly elected BOARD OF SELECTMEN of the Town of Marion and C. ROBERT DAVIS, as he is the duly appointed Fire Chief of the Town of Marion, and TOWN OF MARION,

Defendants

RECEIPT # 45851
AMOUNT $ 150
NOTICE OF REMOVAL ~~SUMMONS~~ ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. P.O.M
DATE 3-21-03

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Now come the defendants, Jonathan Dickerson, Albert Winters and Loretta B. Schaefer, as they are the duly elected Board of Selectmen of the Town of Marion and C. Robert Davis, as he is the duly appointed Fire Chief of the Town of Marion, and Town of Marion, pursuant to the provisions of 28 U.S.C. §§1441 and 1446, and hereby file notice of the removal of this action from the Superior Court of the Commonwealth of Massachusetts, County of Plymouth, where it is currently pending, based upon the following grounds:

1. This is an action in which the plaintiffs allege violations of their civil rights under the First Amendment to the United States Constitution pursuant to 42 U.S.C. §1983 (Count III). See Complaint, ¶¶25-27, affixed hereto and incorporated by reference.

DOCKETED

①

2.    Counts I and II of the Complaint assert state law causes of action, over which this Court

may exercise supplemental jurisdiction pursuant to 28 U.S.C., §1367. See Complaint,

¶¶18-24.

3.    This Court has jurisdiction over the plaintiff's constitutional claim pursuant to 28 U.S.C.

§1441.

4.    This Removal is timely, as this action was first served on the defendant on Thursday,

February 27, 2003.

5.    All defendants have consented to the removal of the matter to the United States District

Court for the District of Massachusetts.

SIGNED PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

                                    DEFENDANTS,

                                    By their attorneys,


                                    David C. Jenkins (BBO# 251000)
                                    Elizabeth R. Corbo (BBO# 640131)
                                    Kopelman and Paige, P.C.
                                     Town Counsel
                                    31 St. James Avenue
                                    Boston, MA 02116
                                    (617) 556-0007

185704/60700/0001


CERTIFICATE OF SERVICE
I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail-hand on 3/20/03


2

# ROSSMAN, ROSSMAN & ESCHELBACHER

ATTORNEYS AT LAW
MARKETPLACE CENTER
TWO HUNDRED STATE STREET
BOSTON, MASSACHUSETTS 02109
(617) 439-9559
TELECOPIER (617) 439-4434

MICHAEL J. ESCHELBACHER, P.C.
NEIL ROSSMAN, P.C.
JEFFREY E. ROSSMAN, P.C.

ROBERT H. CLEWELL
PAUL F. DENVER
VICKI L. HARBOUR

February 27, 2003

*CERTIFIED MAIL/RETURN RECEIPT*

Debra M. Blanchette, Town Clerk
Town of Marion, Town Hall
2 Spring Street
Marion, MA  02738

RE:   Theodore J. Laycock, Jonathan F. Henry and Peter F. Robertson
      v. Jonathan Dickerson, Albert Winters and Loretta B. Schaefer, as they
      are the duly elected Board of Selectmen of the Town of Marion and
      C. Robert Davis, as he is the duly appointed Fire Chief of the Town of
      Marion, and the Town of Marion
      Civil Action No. PLCV2003-00209

Dear Ms. Blanchette:

Enclosed are copies of summonses, complaints, and tracking order, for all the above-named defendants.

These are served upon you as Clerk of the Town of Marion pursuant to Rule 4(d)(4), Massachusetts Rules of Civil Procedure.

This documentation should be forwarded to your Town council.

Very truly yours,

Robert H. Clewell

RHC/as
Enclosures

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                                        SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO.    2003-00209

Theodore J. Laycock, Jonathan F. Henry
and Peter F. Robertson ......................................, Plaintiff(s)


                              vs.

Jonathan Dickerson, Albert Winters and Loretta B. Schaefer, as they are the duly
elected Board of Selectmen of the Town of Marion and C. Robert Davis, as he is the duly
appointed Fire Chief of the Town of..., Defendant(s)
Marion, and the Town of Marion

## SUMMONS

To the above-named defendant: Loretta B. Schaefer as Selectman of Town of Marion

       You are hereby summoned and required to serve upon ..Robert..H...Clevell....... plaintiff
attorney, whose address is ...200 State St., Boston, MA 02109..............., an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day
of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at
Plymouth either before service upon plaintiffs' attorney or within a reasonable time thereafter.

       Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiffs       which arises out of the transaction or occurrence that is the subject
matter of the plaintiffs' claim or you will thereafter be barred from making such claim in any other action.

       Witness, SUZANNE V. DELVECCHIO Esquire, at Plymouth the .......................27th.....................day of

........February.........................., in the year of our Lord Two thousand and ...three...........

                                                                    CLERK.

### NOTES
1.    This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.    When more than one defendant is involved, the names of all defendants should appear in the caption.
      If a separate summons is used for each defendant, each should be addressed to the particular
      defendant.
3.    To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-
      Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS
I hereby certify and return that on ..............................................., 2003, I served a copy of the within summons
together with a copy with a copy of the complaint in this action, upon the within-named defendant    , in the
following manner(See Mass. R. Civ. P. 4(d)(1-5)):............................................................................................

.............................................................................................................................................................

.............................................................................................................................................................

Dated:                , 2003..........................................................................................................................

N.B.    TO PROCESS SERVER:-
        PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL
AND ON COPY SERVED ON DEFENDANT.

                                                                                      ,      2003

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO.    2003-00209

Theodore J. Laycock, Jonathan F. Henry
and Peter F. Robertson................, Plaintiff(s)

vs.

Jonathan Dickerson, Albert Winters and Loretta B. Schaefer,
as they are the duly elected Board of Selectmen of the Town of Marion
and G. Robert Davis, as he is, Defendant(s)
the duly appointed Fire Chief of the Town of Marion and Town of Marion

### SUMMONS

To the above-named defendant: Jonathan Dickerson
        as Selectman of Town of Marion        Robert H. Clewell
        You are hereby summoned and required to serve upon ....Rossman,.Rossman.&.Eschelbacher..... plaintiff

attorney, whose address is 200.State.Street,.Boston,.MA.02019......., an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day
of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at
Plymouth either before service upon plaintiffs' attorney or within a reasonable time thereafter.

        Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiffs        which arises out of the transaction or occurrence that is the subject
matter of the plaintiffs' claim or you will thereafter be barred from making such claim in any other action.

        Witness, SUZANNE V. DELVECCHIO Esquire, at Plymouth the .........................................27.th......day of
.................February................, in the year of our Lord Two thousand and ...three.........

**CLERK.**

### NOTES
1.    This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.    When more than one defendant is involved, the names of all defendants should appear in the caption.
      If a separate summons is used for each defendant, each should be addressed to the particular
      defendant.
3.    To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-
      Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS
I hereby certify and return that on ........................................, 2003, I served a copy of the within summons
together with a copy with a copy of the complaint in this action, upon the within-named defendant        , in the
following manner(See Mass. R. Civ. P. 4(d)(1-5):.............................................................................................
...............................................................................................................................................................
...............................................................................................................................................................

Dated:                , 2003...............................................................................................................

N.B.        TO PROCESS SERVER:-
        PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL
AND ON COPY SERVED ON DEFENDANT.

|  |  |
| --- | --- |
|  | ,        2003 |

*NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.*

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO. 2003-00209

Theodore J. Laycock, Jonathan F. Henry
and Peter F. Robertson ......................................................, Plaintiff(s)

vs.

JOnathan Dickerson, Albert Winters and Loretta B. Schaefer,
as they are the duly elected Board of Selectmen of the Town of Marion and C. Robert
Davis, as he is the duly appointed ..................., Defendant(s)
Fire Chief of the Town of Marion, and Town of Marion

## SUMMONS

To the above-named defendant: Albert Winters as Selectman of Town of Marion

You are hereby summoned and required to serve upon ...Robert H. Clewell........ plaintiff
attorney, whose address is 200 State St, Boston, MA 02109..............., an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day
of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at
Plymouth either before service upon plaintiffs' attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiffS        which arises out of the transaction or occurrence that is the subject
matter of the plaintiffs' claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DELVECCHIO Esquire, at Plymouth the ................27th................day of

.......................February........., in the year of our Lord Two thousand and ..three...........

CLERK

**NOTES**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular
   defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-
   Equitable Relief-Other.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......................................, 2003, I served a copy of the within summons
together with a copy with a copy of the complaint in this action, upon the within-named defendant    , in the
following manner(See Mass. R. Civ. P. 4(d)(1-5):................................................................................

................................................................................................................................................

................................................................................................................................................

Dated:          , 2003..............................................................................................................

N.B.    TO PROCESS SERVER:-
        PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL
AND ON COPY SERVED ON DEFENDANT.

|  |  |
|---|---|
|  | , 2003 |

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

PLYMOUTH, ss.

**COMMONWEALTH OF MASSACHUSETTS**

SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO.    2003-00209

Theodore J. Laycock, Jonathan F. Henry
and Peter F. Robertson ....................................., Plaintiff(s)

vs.

Jonathan Dickerson, Albert Winters and Loretta B. Schaefer, as they are the duly elected
Board of Selectmen of the Town of Marion and C. Robert Davis, as he is the duly appointed
Fire Chief of the Town of Marion ......................, Defendant(s)
and the Town of Marion

## SUMMONS

To the above-named defendant: Robert Davis, Fire Chief of the Town of Marion

You are hereby summoned and required to serve upon Robert H. Clewell......... plaintiff
attorney, whose address is 200 State St., Boston, MA 02109.............., an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day
of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at
Plymouth either before service upon plaintiffs ' attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiffs          which arises out of the transaction or occurrence that is the subject
matter of the plaintiff s ' claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DELVECCHIO Esquire, at Plymouth the .......................27th...............day of

.........February.........................., in the year of our Lord Two thousand and ....three........

CLERK

**NOTES**

1.    This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.    When more than one defendant is involved, the names of all defendants should appear in the caption.
      If a separate summons is used for each defendant, each should be addressed to the particular
      defendant.
3.    To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-
      Equitable Relief-Other.

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on ........................................., 2003, I served a copy of the within summons
together with a copy with a copy of the complaint in this action, upon the within-named defendant    , in the
following manner(See Mass. R. Civ. P. 4(d)(1-5):...............................................................................

..............................................................................................................................................................

..............................................................................................................................................................

Dated:                    , 2003...................................................................................................

N.B.         TO PROCESS SERVER:-
             PLEASE PLACE DATE YOU MAKE SERVICE  ON DEFENDANT IN THIS BOX ON THE ORIGINAL
AND ON COPY SERVED ON DEFENDANT.

|  |  |
|---|---|
|  | , 2003 |

NOTICE TO DEFENDANT -You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

**COMMONWEALTH OF MASSACHUSETTS**

PLYMOUTH, ss.
SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO.   2003-00209

Theodore J. Laycock, Jonathan F. Henry
and Peter F. Robertson ......................., Plaintiff(s)

vs.

Jonathan Dickerson, Albert Winters and Loretta B. Schaefer, as they are the duly elected
Board of Selectmen of the Town of Marion and C. Robert Davis, as he is the duly appointed
.........................................., Defendant(s)
Fire Chief of the Town of Marion and the Town of Marion

## SUMMONS

To the above-named defendant: Town of Marion

You are hereby summoned and required to serve upon .....Robert H. Clewell.....plaintiff
.....Rossman, Rossman & Eschelbacher
attorney, whose address is ...200 State St., Boston, MA 02109.........., an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day
of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the
complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at
Plymouth either before service upon plaintiffs' attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff s    which arises out of the transaction or occurrence that is the subject
matter of the plaintiff s' claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DELVECCHIO Esquire, at Plymouth the ..........27th..........day of

..........February.........., in the year of our Lord Two thousand and .....three........

CLERK.

**NOTES**

1.    This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.    When more than one defendant is involved, the names of all defendants should appear in the caption.
      If a separate summons is used for each defendant, each should be addressed to the particular
      defendant.
3.    To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-
      Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .................................., 2003, I served a copy of the within summons
together with a copy with a copy of the complaint in this action, upon the within-named defendant    , in the
following manner(See Mass. R. Civ. P. 4(d)(1-5)):....................................................

..............................................................................................................

..............................................................................................................

Dated:              , 2003..........................................................

N.B.       TO PROCESS SERVER:-
           PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL
AND ON COPY SERVED ON DEFENDANT.

|  |
|---|
| ,        2003 |



COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss

SUPERIOR COURT
CIVIL ACTION NO. 2003-00209

THEODORE J. LAYCOCK,
JONATHAN F. HENRY and PETER F.
ROBERTSON
                    Plaintiffs

v.

JONATHAN DICKERSON, ALBERT
WINTERS and LORETTA B. SCHAEFER, as
they are the duly elected BOARD OF
SELECTMEN of the Town of Marion and C.
ROBERT DAVIS, as he is the duly appointed
Fire Chief of the Town of Marion, and TOWN
OF MARION
                    Defendants

## COMPLAINT

1. The plaintiffs, Theodore J. Laycock ("Laycock"), Jonathan F. Henry ("Henry") and Peter D. Robertson ("Robertson"), all of Marion, Massachusetts are natural persons and each was a member of the Marion Fire Department and has been removed from said position. Additionally the plaintiffs Laycock and Robertson were members of the Board of Fire Engineers of the Town of Marion and have been removed from those positions.

2. Defendants Jonathan Dickerson ("Dickerson"), Albert Winters ("Winters") and Loretta B. Schaefer ("Schaefer") are all members duly elected to the Town of Marion Board of Selectmen. They exercise powers statutorily ascribed to that position. They are sued in their joint and several capacity as Selectmen.

3. The defendant Town of Marion is a municipality organized and existing pursuant to the laws of the Commonwealth of Massachusetts.

4. Defendant C. Robert Davis is the Fire Chief of the Marion Fire Department and is sued herein in his official capacity as Fire Chief.

5. Historically, pursuant to Town by-law and M.G.L. c. 48, §§45 and 46, the Board of Fire Engineers was appointed annually by the Board of Selectmen to oversee and administer the fire department.

6. On or about June 6, 1999 the Selectmen acted in violation of law to appoint themselves as the Board of Fire Engineers, thereby removing Robertson, Laycock, and others from the Board of Fire Engineers. They further altered the make-up of the Board of

1

Engineers to provide that the clerk of the Board of Selectmen would serve as the clerk of the Board of Fire Engineers.

7. Only the Board of Fire Engineers has the power and authority to choose and appoint its clerk (M.G.L. c. 48, §46).

8. Only the Board of Fire Engineers has the power and authority to choose and appoint its Chief (M.G.L. c. 48, §46) and said selection must be made from the ranks of the Board of Fire Engineers.

9. Contemporaneously with appointing themselves as the Board of Fire Engineers the defendants appointed the defendant Davis as Fire Chief of the Town of Marion.

10. Between June 1999 and December 1999 the defendants unlawfully lowered the compensation of the plaintiffs as members of the Fire Department of the Town of Marion.

11. There were financially irregular practices in the Town of Marion Fire Department which the plaintiffs attempted to bring to the attention of various town officials, including the defendant, Board of Selectmen.

12. Such irregularities included town employees collecting fees and compensation for fire department duties while also being paid town wages for municipal duties unconnected to the fire department, and illegal payments from fire department funds for unemployment benefits to a member of the fire department who was not entitled thereto.

13. The defendant Board of Selectmen illegally advertised for and hired a clerk/dispatcher for the Marion Fire Department. The funds for this position were appropriated by the 1997 annual Town Meeting for the Town of Marion and were allocated to the fire department budget. Pursuant to M.G.L. c. 48, §47, any hiring or addition to the fire department fell within the power and scope of the Board of Fire Engineers and not the Board of Selectmen.

14. As a result of the action of the Board of Selectmen the position of clerk/dispatcher has come within the scope of the Town Employees' Association, and has been recognized as a bargaining unit position for town employees, rather than being within the scope and authority for the Board of Fire Engineers, which is not a union position.

15. The plaintiffs at various times brought to the attention of the defendants, and other town officials, the financial irregularities described herein.

16. The plaintiffs expressed the opinion in public, and to the defendant selectmen, that the action of the defendants in appointing themselves as the Board of Fire Engineers was unlawful and, accordingly, that their actions of appointing the defendant Davis as Fire Chief and hiring a clerk for the Fire Department were unlawful.

17. Because of the plaintiff's reporting of financial irregularities to the defendants, and because of the plaintiff's expressing objection to the various actions of the selectmen in 1999 affecting the Marion Fire Department, as herein described, the defendants were terminated as members of the Marion Fire Department.

2

## Count I (Unlawful Retaliation)

18.   The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs one through 16 of this complaint.

19.   On February 22, 2000 the defendants wrongfully terminated the employment of the plaintiffs as fire fighters for the Town of Marion without justification and in violation of established practices of the Fire Department of the Town of Marion.

20.   The actions taken against the plaintiffs in removing them from the Board of Fire Engineers and in discharging them as a fire fighters were taken in retaliation for the plaintiffs having provided evidence to Town officials of unlawful and illegal financial activities which may or may not have constituted a crime.

21.   The actions of the defendants were taken in violation of G.L.c. 149, §185.

WHEREFORE, the plaintiffs pray that this Court enter judgment for them in an amount sufficient to compensate the plaintiffs for their damages, plus costs, attorneys' fees and interest as allowed by law.

## Count II (Wrongful Termination)

22.   The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs one through 20 above.

23.   The termination of the plaintiffs' employment with the Marion Fire Department constituted a breach of the employment covenant of good faith and fair dealing in that the defendants terminated the plaintiff's employment so as to deprive them of compensation otherwise due them and to embarrass them and hold them up to public ridicule.

24.   As a reasonably foreseeable consequence of the plaintiff's wrongful termination of the plaintiffs they suffered damages, including without limitation, loss of income, fringe benefits, loss of business and personal reputation and other losses.

WHEREFORE, the plaintiffs pray that this Court enter judgment for them in an amount sufficient to compensate the plaintiffs for their damages, plus costs, attorneys' fees and interest as allowed by law.

## Count III (Violation of Civil Rights)

25.   The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs one through 20 above.

26.   The actions taken against the plaintiffs by the defendants as herein described constitute a violation of rights guaranteed to the plaintiffs by the First Amendment to the Constitution of the United States of America and a violation of 42 USCA §1983.

27.   This court has jurisdiction under 42 USCA §1983.

3

WHEREFORE, the plaintiffs pray that this Court enter judgment for them in an amount sufficient to compensate the plaintiffs for their damages, plus costs, attorneys' fees and interest as allowed by law.

THE PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SUSCEPTIBLE TO JURY CLAIMS.

Respectfully submitted.
Plaintiffs Theodore J. Laycock, Jonathan F. Henry and Peter F. Robertson,
By their attorneys,

Robert H. Clewell, BBO#086680
Neil Rossman, BBO#430620
Rossman, Rossman & Eschelbacher
Marketplace Center – North
200 State Street
Boston, MA 02109
(617) 439-9559

DATED:

4

# Commonwealth of Massachusetts
## County of Plymouth
## The Superior Court

CIVIL DOCKET# PLCV2003-00209

RE:    Laycock et al v Dickerson, Selectman et al

TO:Neil Rossman, Esquire.
Rossman Rossman & Eschelbacher
200 State Street
Marketplace Center 3 North
Boston, MA 02109

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the fast (F) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION

### DEADLINE

| | |
|---|---|
| Service of process made and return filed with the Court | 05/20/2003 |
| Response to the complaint filed (also see MRCP 12) | 07/19/2003 |
| All motions under MRCP 12, 19, and 20 filed | 07/19/2003 |
| All motions under MRCP 15 filed | 07/19/2003 |
| All discovery requests and depositions completed | 12/16/2003 |
| All motions under MRCP 56 filed and heard | 01/15/2004 |
| Final pre-trial conference held and firm trial date set | 02/14/2004 |
| Case disposed | 04/14/2004 |

The final pre-trial deadline is not the scheduled date of the conference. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to session B sitting in CtRm 1 (Court Street, Plymouth) at Plymouth Superior Court.

Dated: 02/19/2003

Francis R. Powers,
Clerk of Courts

BY:

Adam Baler,
Assistant Clerk

Location: CtRm 1 (Court Street, Plymouth)
Telephone: (508) 747-6911

Check website as to status of case: http://ma-trialcourts.org/tclc

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS
THEODORE J. LAYCOCK, JONATHAN F. HENRY and PETER R. ROBERTSON

## DEFENDANTS
JONATHAN DICKERSON, ALBERT WINTERS and LORETTA B. SCHAEFER, as they are the duly elected BOARD OF SELECTMEN of the Town of Marion and ROBERT DAVIS, as he is the duly appointed Fire Chief of the Town of Marion and TOWN OF Marion

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Unknown
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Plymouth
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert H. Clewell, BBO#086680; Neil Rossman, BBO#430620, Rossman, Rossman & Eschelbacher Marketplace Center-North, 200 State Street Boston, MA 02109; 617-439-9559

ATTORNEYS (IF KNOWN)
David C. Jenkins, BBO#251000; Elizabeth R. Corbo, BBO# 640131; Kopelman and Paige, P.C. 31 St. James Avenue Boston, MA 02116; 617-556-0007

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury — Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☒ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS — Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiffs allege that their rights under the First Amendment to the U.S. Constitution have been violated and seek damages and attorneys fees pursuant to 42 U.S.C. §1983.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE  Plymouth Superior Court
DOCKET NUMBER  03-00209

DATE  3/20/03

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# CIVIL CATEGORY SHEET

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) LAYCOCK v. DICKERSON

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    —— I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _x_ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

        *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    —— III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    —— IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    —— V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
Plymouth Superior Court, C.A. No. 03-00209

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

        YES ☐ NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC § 2403)

        YES ☐ NO ☒

IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S.A. PARTY?

        YES ☐ NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC § 2284?

        YES ☐ NO ☒

7. DO ALL OF ALL THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION?—(SEE LOCAL RULE 40.1(D)).

        YES ☒ NO ☐

    A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GPVERNMENTAL PARTIES RESIDE?

    EASTERN DIVISION ☒ CENTRAL DIVISION ☐ WESTERN DIVISION ☐

    B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

    EASTERN DIVISION ☐ CENTRAL DIVISION ☐ WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME David C. Jenkins, Esq., Elizabeth R. Corbo, Esq.

ADDRESS Kopelman and Paige, P.C., 31 St. James Ave., Boston, MA 02116

TELEPHONE NO. 617-556-0007

(Categfrm.rev - 11/00)

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
ILANA M. QUIRK
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

WILLIAM HEWIG III
JEANNE S. McKNIGHT
KATHLEEN M. O'DONNELL

**KOPELMAN AND PAIGE, P. C.**

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735
––––––
PITTSFIELD OFFICE
(413) 443-6100
––––––
NORTHAMPTON OFFICE
(413) 585-8632
––––––
WORCESTER OFFICE
(508) 752-0203

SANDRA M. CHARTON
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
BRIAN W. RILEY
MARY L. GIORGIO
DARREN R. KLEIN
THOMAS W. MCENANEY
JONATHAN M. SILVERSTEIN
KATHARINE GOREE DOYLE
GEORGE X. PUCCI
LAUREN F. GOLDBERG
JASON R. TALERMAN
MICHELE E. RANDAZZO
GREGG J. CORBO
RICHARD T. HOLLAND
LISA C. ADAMS
ELIZABETH R. CORBO
DANIEL C. HILL
MARCELINO LA BELLA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
TODD A. FRAMPTON
CAROLYN M. MURRAY
JACKIE A. COWIN

March 20, 2003

BY HAND

Clerk
U.S. District Court
District of Massachusetts
U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:    Laycock, et al. v. Dickerson, et al.
       (Town of Marion)
       United States District Court, C.A. No. _____

Dear Sir/Madam:

       Enclosed for filing in the above-referenced matter, please find an original and one copy of a Civil Action Cover Sheet, a Civil Category Sheet, a Notice of Removal, Notice of Appearance, Defendants' Assented-To Motion Pursuant to Fed.R.Civ.P. 6(b) to Enlarge Time and Local Rule 7.1 Certificate of Compliance, and a check in the amount of $150.00 to cover the cost of filing and certification of one set of copies for filing with the State Court. In accordance with the requirements of 28 U.S.C. §1446, copies of all process, pleadings and orders served upon the defendants are attached to the Notice of Removal.

       Kindly certify one copy of the Notice of Removal, with attachments, and other papers and return the same in the self-addressed stamped envelope enclosed, together with the Federal Civil Docket Number assigned to this case.

PRINTED ON RECYCLED PAPER

**KOPELMAN AND PAIGE, P.C.**

Clerk
U.S. District Court
District of Massachusetts
March 20, 2003
Page 2


Thank you for your attention to this matter.  Please call me or Attorney Elizabeth R. Corbo if you have any questions regarding this matter.

Very truly yours,

David C. Jenkins

KGD/DCJ/lem
Enc.
cc:     Board of Selectmen
        Fire Chief
        Daniel S. Morrison, Esq., (Claim Nos. MAS-0029672, MAS-0029673, MAS-0029674)
        Robert H. Clewell, Esq.

185699/60700/0001